## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PEDRO SALINAS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** 5:21-CV-608 |
| | § | |
| **CAG TRANSPORT CORP AND** | § | |
| **EDDY MAIDIQUE.** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS CAG TRANSPORT CORP AND EDDY MAIDIQUE'S NOTICE OF REMOVAL

Defendants CAG TRANSPORT CORP and EDDY MAIDIQUE ("Removing Defendants"), hereby give notice of the removal of this action, pursuant to 28 U.S.C. § 1446, to the United States District Court for the Western District of Texas - San Antonio Division. As grounds for removal, Removing Defendants state as follows:

## I. INTRODUCTION

1.1     On or about November 4, 2020, Plaintiff, Pedro Salinas, alleges he was driving a 2016 Honda Civic traveling south on Interstate Highway 35 in San Antonio, Bexar County, Texas. It is alleged that Defendant Maidique was driving a 2015 Kenworth Tractor/ Trailer combination, which was owned by and operated on behalf of Defendant CAG Transport, traveling south at the same location as Plaintiff. Plaintiff contends that Defendant Maidique struck the driver's side of Plaintiff's vehicle.

1.2     Plaintiff filed his suit in the 37th Judicial District Court of Bexar County, Texas, against Defendants CAG TRANSPORT CORP and EDDY MAIDIQUE. *See Plaintiff's Original Petition and Application for Temporary Restraining Order and Request for Temporary Injunction, Ex.2 at pp. 1-11.* Therein, Plaintiff alleged that Plaintiff is entitled to recover against

1

Defendants for personal injury damages resulting from the motor vehicle collision. *Id.* Defendant CAG Transport Corp. was served with said Petition on May 27, 2021. See Ex. 2, Return of Service at p. 21.

1.3     Defendant CAG TRANSPORT CORP filed its Original Answer on June 18, 2021. *See Defendant's Original Answer, Ex. 2 at pp. 14-17.*

1.4     Removing Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), after being served with Plaintiff's Original Petition and having received information sufficient to determine that the case was removable.

1.5     Plaintiff is an individual residing in Bexar County, Texas. *See Ex. 2 at p.1, Plaintiff's Original Petition.* Removing Defendant, CAG TRANSPORT CORP is a corporation organized under the laws of Florida with its principal place of business in Hialeah, Florida. Removing Defendant Eddy Maidique is a Florida resident who resides in Hialeah Gardens, Florida. Defendants are not "citizens" of the State of Texas and do not have a principal place of business nor a residence in the State of Texas.

1.6     As set forth below, diversity jurisdiction exists, and Removing Defendants hereby timely remove this matter to Federal Court.

## II. **PROCEDURAL REQUIREMENTS FOR REMOVAL**

2.1     This suit may be properly removed to this Court under 28 U.S.C. § 144l(a) because this suit was pending within the judicial district of the United States District Court for the Western District of Texas, San Antonio Division.

2.2     As required by 28 U.S.C. § 1446(d), Removing Defendants are serving this Notice of Removal on all parties and will promptly file notice of Notice of Removal with the clerk of the 37th Judicial District Court of Bexar County, Texas.

*2.3*     All pleadings, process, orders and other filings in this state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See Exhibit 2.*

## III. **BASIS FOR REMOVAL**

3.1     Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000). A corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(l). Plaintiff is an individual citizen of the State of Texas and resides in Bexar County, Texas. As indicated above, Removing Defendant CAG TRANSPORT CORP is a corporation organized under the laws of Florida with its principal place of business at in Hialeah, FL.  Removing Defendant Eddy Maidique is a Florida resident who resides in Hialeah Gardens, FL.  Neither Defendant is a "citizen" of the State of Texas; therefore, complete diversity exists.

3.2     In his Original Petition, Plaintiff states that he sues for "monetary relief in excess of $1,000,000.00" which exceeds the federal jurisdictional amount in order to meet the "amount in controversy" requirement for removal to federal court. *See Ex. 2 at p*, 5. When plaintiff's monetary demand is stated in the complaint, a defendant can rely on that allegation to meet the jurisdictional requirement. *See* S.*WS. Erectors, Inc. v. lnfax, Inc.,* 72 F.3d 489,492 (5th Cir.1996).

*3.3*     All pleadings, process, orders and other filings in this state court action are attached to this notice as required by 28 U.S.C. §1446(a). *See Exhibit 2.* Further, Removing Defendants have filed herewith (a) a list of all counsel of record, including the addresses, telephone numbers and the parties represented, *See Exhibit 3;* (b) completed Civil Cover Sheet Form JS 44, *See Exhibit 4; and (c)* completed Supplemental Civil Cover Sheet*, Ex. 5.*

3.4     Venue is proper in this district under 28 U. S. C. §144l(a) because the state court

where the action has been pending is located in this district.

3.5　　Removing Defendants will promptly file a Notice of this notice of removal with the clerk of the state court where the action has been pending.

## IV. **JURY DEMAND**

4.1　　Both Plaintiff and Removing Defendant CAG TRANSPORT CORP did demand a jury trial in the state court action.

## V.　**PRAYER**

5.1 For the foregoing reasons, Removing Defendants CAG TRANSPORT CORP and EDDY MAIDIQUE request that the Court remove the action to this Federal Court and place this case on the docket of the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

*/s/Robin B. Brzozowski*
**NICK LANZA**
Texas State Bar No. 11941225
Federal Bar No. 11333
**ROBIN B. BRZOZOWSKI**
Texas State Bar No. 00787160
Federal Bar No. 2328889
Email: robin@lanzalawfirm.com
300 E. Sonterra, Suite 1140
San Antonio, Texas 78258
Telephone:　(210) 564-9100
Facsimile:　(210) 899-3590

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

      I certify that a true and correct copy of this document was served via the Court's ECF system on June 25, 2021,  to the following counsel of record:

      WYATT LAW FIRM, LTD
      Paula A. Wyatt
      Gavin McInnis
      Louis Durbin
      Texas State Bar No. 24078448
      Oakwell Farms Business Center
      21 Lynn Batts Lanes, Suite 10
      San Antonio, Texas 78218

                                 */s/Robin B. Brzozowski*
                                 Robin B. Brzozowski

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PEDRO SALINAS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CAG TRANSPORT CORP AND** | § | |
| **EDDY MAIDIQUE.** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF ITEMS FILED WITH NOTICE OF REMOVAL

**Exhibit Label No.**

1.      Index of Items Filed with Notice of Removal;

2.      Certified Copies of all State Court records;

3.      List of Attorneys; and

4.      Civil Cover Sheet

5.      Supplemental Civil Cover Sheet

EXHIBIT 1



# Mary Angie Garcia

| District Clerk | | Bexar County |
| --- | --- | --- |

# CERTIFICATE
(Entire file)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, Virginia Ramirez Deputy District Clerk for *Mary Angie Garcia*, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number 2020-CI-24442 and Styled <u>PEDRO SALINAS VS CAG TRANSPORT CORP ET AL</u> filed in the <u>37th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on December 14, 2020 .

*Mary Angie Garcia*
*Bexar County District Clerk*

By: _____
Virginia Ramirez, Deputy

Exhibit 2

FILED
12/22/2020 1:36 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

W JD

2CIT PPS

**2020CI24442**

CAUSE NO. _____

| | | |
|---|---|---|
| PEDRO SALINAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 37th JUDICIAL DISTRICT |
| | § | |
| CAG TRANSPORT CORP, and EDDY | § | |
| MAIDIQUE, | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

1.     Pedro Salinas, Plaintiff, and files this, his Original Petition and Application for Temporary Restraining Order, complaining of Defendants CAG Transport Corp, and Eddy Maidique, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY

2.     Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

### II.
### PARTIES

3.     **Plaintiff.** Pedro Salinas ("Plaintiff") is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Von Ormy, Bexar County, Texas.

4.     **Defendant.** CAG Transport Corp ("CAG Transport") is a Florida company doing business in the State of Texas and at all times relevant to this cause of action and may be served

with citation by serving its registered agent, Jefrey Fultz, 10343 Sam Houston Park #210, Houston, Texas 77064.

    5.    **Defendant.** Eddy Maidique ("Maidique") is a natural person and at all times relevant to this cause has been and continues to be a resident of Hialeah Gardens, Miami-Dade County, Florida. Defendant Maidique may be served at his residence, 12386 NW 97th Court, Hialeah, Florida 33018, or wherever he may be found.

## III.
## VENUE

    6.    Venue is proper in Bexar County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002 a (1) in that all or substantially all of the events or acts or omissions giving rise to the claim occurred in Bexar County, Texas at the time Plaintiff's cause of action accrued.

    7.    This Court has jurisdiction over these claims because the amount in controversy is within jurisdictional limits of the Court.

## IV.
## FACTS

    8.    On November 4, 2020, Plaintiff, Pedro Salinas, was driving a 2016 Honda Civic and traveling south on Interstate Highway 35 in San Antonio, Bexar County, Texas. Defendant Maidique was driving a 2015 Kenworth Tractor/Trailer combination, which was owned by and operated on behalf of Defendant CAG Transport, traveling south at the same location as Plaintiff. As both vehicles proceeded down the highway Defendant Maidique failed to maintain one lane of travel, and suddenly, violently, and without warning collided with the driver's side of Plaintiff's vehicle, causing Plaintiff's vehicle to spin out of control. Defendant Eddy Maidique was, at all times, acting within the course and scope of his employment for Defendant CAG Transport. As a result of the collision, Plaintiff suffered severe and debilitating injuries.

## V.
## AGENCY AND RESPONDEAT SUPERIOR

9.      At the time of the collision and the occurrence giving rise to this cause of action,
Defendant Maidique was an employee of Defendant CAG Transport.

10.     At all times material hereto, Defendant Maidique was a permissive user of the
subject tractor/trailer combination.

11.     Defendant CAG Transport, at the time of the collision was, upon information and
belief, an interstate or federal motor carrier.

12.     At all times material hereto, Defendant Maidique was acting as an employee of
Defendant CAG Transport and was within the course and scope of his employment or official
duties for Defendant CAG Transport and in furtherance of the duties of his office or employment
for Defendant CAG Transport.

13.     Moreover, at the time of the collision and at all other times relevant hereto,
Defendant Maidique was operating under the authority of Defendant CAG Transport as an
interstate or federal motor carrier.

14.     Defendant CAG Transport, as the employer and motor carrier, is responsible for
the negligent acts or omissions of Defendant Maidique under the principles of respondeat superior
and/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## VI.
## NEGLIGENCE

15.     Plaintiff would show that, on the occasion in question, Defendants owed a duty to
conduct themselves in a manner consistent with the traffic laws of the State of Texas and the United
States and to act as a reasonably prudent person and/or entity would act.

16.     Defendant Maidique breached his duty to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

    a.     Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

    b.     Failing to control his speed;

    c.     Failing to take timely or proper evasive action to avoid the collision in question;

    d.     Failing to maintain one lane of travel;

    e.     Failing to pay proper attention; and

    f.     Failing to control the subject vehicle so that a collision would not occur.

17.     Defendant CAG Transport had a duty to exercise ordinary care to hire, qualify, train and supervise Defendant Maidique with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

18.     Defendant CAG Transport breached its duty because it knew or should have known that Defendant Maidique was not a capable, qualified and knowledgeable driver.

19.     Defendant CAG Transport breached its duty because it failed to properly qualify Defendant Maidique as a commercial motor vehicle operator.

20.     Defendant CAG Transport breached its duty because it failed to provide the necessary training for Defendant Maidique to operate his vehicle in a safe manner and in conformity with the requirements of the law.

21.     Defendant CAG Transport breached its duty because it failed to supervise Defendant Maidique and to adopt, implement and enforce safety policies and procedures to ensure that Defendant Maidique operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

22.     Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

23.     Plaintiff would show that, as a proximate cause of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VII.
## DAMAGES

24.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

25.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in excess of $1,000,000.00.

26.     Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

### TEMPORARY RESTRAINING ORDER

27.     Respondent/Defendant CAG Transport has committed Wrongful Acts. Movant/Plaintiff has filed suit in this matter, but Respondent/Defendant CAG Transport has yet to file an answer. Plaintiff's Original Petition is on file with this court and incorporated herein by reference. Plaintiff's Original Petition included claims for negligence on the part of Respondent/Defendant CAG Transport.

28.     Movant/Plaintiff Has a Probable Right to Relief. This case involves serious and debilitating injuries sustained by the Plaintiff. Movant/Plaintiff's injuries occurred through no fault of his own. The facts of this case will clearly demonstrate that the acts and/or omissions of Respondent/Defendant CAG Transport caused the injuries to the Plaintiff. As such, Movant/Plaintiff has a probable right to relief on the merits.

29.     Movant/Plaintiff Will Suffer Probable Injury if Injunctive Relief is Not Granted. The harm is imminent. It is necessary for Movant/Plaintiff to have Respondent/Defendant CAG Transport preserve the subject vehicle in its correct state and location so his representatives can immediately inspect the vehicle, for the purpose of inspecting, measuring, surveying, photographing, videotaping, and examining the subject tractor/trailer combination in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant/Plaintiff's claim under applicable Texas laws.

30.     Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted. Movant/Plaintiff has been informed and believes, and on such information and belief, alleges that Respondent/Defendant CAG Transport and/or its respective agents, servants and/or employees have already begun their investigation of the incident made the basis of

this lawsuit, that the subject tractor/trailer combination is not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed.

31.    The Probable Injury will be irreparable if injunctive relief is not granted. If Respondent/Defendant CAG Transport is not prevented or denied from doing any additional investigation, repairs, testing or moving of evidence, Respondent/Defendant CAG Transport will likely engage in modifications, alterations, repairs or moving of evidence that will impair the development and prosecution of this case.

32.    It is critical to the investigation and proof of the Movant/Plaintiff's claims alleged herein and in Plaintiff's Original Petition incorporated by reference that they be allowed to inspect, measure, survey, photograph, videotape, examine the subject tractor/trailer combination prior to it being altered, moved, or destroyed. Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movant/Plaintiff's claim.

33.    Movant/Plaintiff Has No Adequate Remedy at Law. There is no legal remedy available to Movant/Plaintiff that will protect their rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

34.    Movant/Plaintiff has acted timely and is willing to post a bond. The undersigned law firm was recently hired by Movant/Plaintiff to prosecute the causes of action stated herein against Respondent/Defendant CAG Transport and has attempted to reach an agreement concerning the preservation of the subject tractor/trailer combination.

35.    Movant/Plaintiff believes that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice

on Respondent/Defendant CAG Transport and hold a hearing, although Movant/Plaintiff will make every reasonable effort to notify Respondent/Defendant of a hearing on their application for Temporary Restraining Order and/or Temporary Injunction.

## TEMPORARY INJUNCTION

36. Movant/Plaintiff incorporates the foregoing paragraphs by reference as well as the original pleadings on file in this matter.

37. Movant/Plaintiff hereby prays for a temporary injunction prohibiting the following acts by Respondent/Defendant CAG Transport until such time as may be ordered by the Court or agreed to by the parties:

> Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the tractor/truck that was involved in the subject incident.

38. Movant/Plaintiff is willing to post a bond.

39. Movant/Plaintiff further requests that the Respondent/Defendant CAG Transport be cited to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining the Respondent/Defendant CAG Transport, its respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondent/Defendant CAG Transport from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject tractor/trailer combination involved in the November 4, 2020 incident until at least such time as Movant/Plaintiff has a full opportunity to inspect, measure, survey, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary.

40. Movant/Plaintiff further requests that after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondent/Defendant CAG Transport,

to allow Movant/Plaintiff and/or his representatives full and complete access to the subject tractor/trailer combination herewith and relevant to the incident.

## VIII.
## CONDITIONS PRECEDENT

41.     All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## IX.
## REQUEST FOR JURY TRIAL

42.     Plaintiff respectfully requests a trial by jury and have paid the jury fee.

## X.
## REQUESTS FOR DISCLOSURE

43.     Pursuant to Texas Rule of Civil Procedure 194, Defendants are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-l).

**WHEREFORE,** Plaintiff request that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

a.     All medical expenses in the past and future;

b.     Mental anguish in the past and future;

c.     Physical pain in the past and future;

d.     Physical impairment in the past and future;

e.     Lost wages;

f.     Lost earning capacity;

g.     Disfigurement in the past and future;

h.     Pre- and post-judgment interest as allowed by law;

i.    Costs of suit; and

j.    Such other and further relief to which Plaintiff may be justly entitled.

                          Respectfully Submitted,

                          **Wyatt Law Firm, LTD.**
                          Oakwell Farms Business Center
                          21 Lynn Batts Lanes, Suite 10
                          San Antonio, Texas 78218
                          Tel.: (210) 340-5550
                          Fax: (210) 340-5581
                          E-service: e-serve@wyattlawfirm.com


                  By:    /s/Paula A. Wyatt_____
                         Paula A. Wyatt
                         State Bar No. 10541400
                         Gavin McInnis
                         State Bar No. 13679800
                         Louis Durbin
                         State Bar No. 24078448
                         **ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS §

COUNTY OF BEXAR §

## VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared Louis Durbin, who, after being duly sworn, stated under oath that he is the attorney for the Plaintiff in this action, that he has read the Application for Temporary Restraining Order; and that every statement contained in the motion is within his personal knowledge and is true and correct.

_____
LOUIS DURBIN

SUBSCRIBED AND SWORD TO BEFORE ME by the said Louis Durbin, on this the 22 day of December 2020.

KAREN YVETTE REYES
Notary Public, State of Texas
Comm. Expires 04-20-2022
Notary ID. 129781333

_____
Notary Public in and for the
State of Texas

## CAUSE NO. 2020CI24442

| | | |
|---|---|---|
| PEDRO SALINAS<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | BEXAR COUNTY, TEXAS |
| CAG TRANSPORT CORP, and<br>EDDY MAIDIQUE,<br>*Defendant.* | §<br>§<br>§<br>§ | 37th JUDICIAL DISTRICT |

## DEFENDANT CAG TRANSPORT CORP'S
## JURY DEMAND

NOW COMES, **CAG TRANSPORT CORP,** Defendant in the above-entitled and

numbered cause, and hereby demand and makes application for a jury trial to be held on this

cause.

A jury fee is being paid consecutively with the filing of this Jury Demand.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

/s/Robin B. Brzozowski
**NICHOLAS J. LANZA**
TBA No. 11941225
**ROBIN B. BRZOZOWSKI**
TBA No. 00787160
robin@lanzalawfirm.com
227 North Loop 1604 East Access Road
Suite 150
San Antonio, TX 78232
(210) 564-9100 Telephone
(210) 899-3590 facsimile

**ATTORNEYS FOR DEFENDANT
CAG TRANSPORT CORP**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to all known counsel of record on the 18th day of June 2021, via the state's electronic service provider:

WYATT LAW FIRM, LTD
Paula A. Wyatt
Gavin McInnis
Louis Durbin
Texas State Bar No. 24078448
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218

/s/Robin B. Brzozowski
Robin B. Brzozowski

FILED
6/18/2021 3:07 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Stephanie West

**CAUSE NO. 2020CI24442**

| | | |
|---|---|---|
| PEDRO SALINAS<br>*Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | BEXAR COUNTY, TEXAS |
| CAG TRANSPORT CORP, and<br>EDDY MAIDIQUE,<br>*Defendant.* | § <br> § <br> § | 37th JUDICIAL DISTRICT |

## DEFENDANT CAG TRANSPORT CORP'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CAG TRANSPORT CORP, one of the Defendants in the above-entitled

and numbered cause, and file this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL

PETITION and for same say:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general

denial and demands that Plaintiff prove his allegations by a preponderance of the evidence on

which forms the basis for this lawsuit.

### II.
### PRE-EXISTING CONDITIONS

Pleading further, Defendant would show that prior to the occasion in question and on the

occasion in question, and at all material times thereafter, Plaintiff suffered from pre-existing

physical conditions which were not caused by the accident made the subject of this lawsuit, which

caused and/or aggravated Plaintiff' injuries and damages, if any, in whole or in part.

1

### III.
### SUBSEQUENT CONDITIONS

Pleading further, Defendant would show that the disabilities, if any, which the Plaintiff now has, are primarily the result of subsequent conditions or diseases unrelated to the accident in question.

### IV.
### FAILURE TO MITIGATE

Defendant further plead that Plaintiff has contributed to his own damages by failing to mitigate his damages, if any. Such failure to mitigate damages is a proximate cause of whatever damages Plaintiff have suffered, if any.

### V.
### NEW AND INDEPENDENT
### CAUSE

Defendant further plead that the damages, if any, claimed by Plaintiff are the result of a new and independent cause unrelated to the occurrence in question which is the immediate cause of Plaintiff's damages, if any.

### VI.

Defendant further plead that to the extent Plaintiff seeks to recover lost wages, lost wage earning capacity, lost contribution of pecuniary value or loss of inheritance, the limitations of TEXAS CIVIL PRACTICE AND REMEDIES CODE §18.091 apply.

### VII.

By way of affirmative defense, in the event Plaintiff is found to be entitled to any damages in this matter, Plaintiff is not entitled to recover prejudgment interest on any future damages. Defendant further alleges any prejudgment interest recoverable is limited in accordance with the terms of TEXAS FINANCE CODE ANNOTATED §304.101 *et. seq.* Defendant further

alleges any post judgment interest recoverable is limited in accordance with TEXAS FINANCE CODE ANNOTATED §304.003(c).

## **NOTICE OF CONSENT TO ELECTRONIC SERVICE**

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause *only* when service is completed through eFileTexas.gov, the state authorized electronic filing manager and by serving all individuals who have elected to receive notice on behalf of Defendant.

## **PRAYER**

WHEREFORE, Defendant prays that Plaintiff recovers nothing from him by way of this suit; that Defendant recovers costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

/s/Robin B. Brzozowski
**NICHOLAS J. LANZA**
TBA No. 11941225
**ROBIN B. BRZOZOWSKI**
TBA No. 00787160
robin@lanzalawfirm.com
227 North Loop 1604 East Access Road
Suite 150
San Antonio, TX 78232
(210) 564-9100 Telephone
(210) 899-3590 Fax

**ATTORNEYS FOR DEFENDANT**
**CAG TRANSPORT CORP**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was forwarded to all known counsel of record as indicated on the 18th day of June 2021, via the state's electronic service provider:

WYATT LAW FIRM, LTD
Paula A. Wyatt
Gavin McInnis
Louis Durbin
Texas State Bar No. 24078448
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218

/s/Robin B. Brzozowski
Robin B. Brzozowski



2020CI24442  S00002

**PEDRO SALINAS**

**VS.**

**CAG TRANSPORT CORP ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:   EDDY MAIDIQUE

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION , a default judgment may be taken against you." Said ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION  was filed on the 22nd day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF DECEMBER A.D., 2020.

PAULA A WYATT
ATTORNEY FOR PLAINTIFF
21 LYNN BATTS LANE 10   **MARK HERNANDEZ**
SAN ANTONIO, TX 78218
                    JAN 0 8 2021



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Alexandra Johnson*, Deputy

---

PEDRO SALINAS
VS
CAG TRANSPORT CORP ET AL

**Officer's Return**

Case Number: 2020-CI-24442
Court:  37th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION the date of delivery endorsed on it to the defendant, _____, in    person    on    the    _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

Case Number: 2020CI24442                    Document Type: ENTIRE FILE

**DOCUMENT SCANNED AS FILED**

Case Number: 2020-CI-24442



2020CI24442 S00001

**PEDRO SALINAS**

**VS.**

**CAG TRANSPORT CORP ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:   CAG TRANSPORT CORP

BY SERVING ITS REGISTERED AGENT, JEFREY FULTZ

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION , a default judgment may be taken against you." Said ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION  was filed on the 22nd day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF DECEMBER A.D., 2020.

PAULA A WYATT
ATTORNEY FOR PLAINTIFF
21 LYNN BATTS LANE 10
SAN ANTONIO, TX 78218



**MARK HERNANDEZ**

JAN 0 8 2021

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*, Deputy

| PEDRO SALINAS VS CAG TRANSPORT CORP ET AL | **Officer's Return** | Case Number: 2020-CI-24442 Court:  37th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION  the date of delivery endorsed on it to the defendant, _____,  in  person  on  the  _____  at  _____  o'clock  ___M. at:_____ or (  ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

OR: My name is _____, my date of birth is _____, and my address is _____,  _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**DOCUMENT SCANNED AS FILED**

Case Number: 2020-CI-24442

PRIVATE PROCESS



2020CI24442 S00001

**PEDRO SALINAS**

**VS.**

**CAG TRANSPORT CORP ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:   CAG TRANSPORT CORP

BY SERVING ITS REGISTERED AGENT, JEFREY FULTZ

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION , a default judgment may be taken against you." Said ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION was filed on the 22nd day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF DECEMBER A.D., 2020.

PAULA A WYATT
ATTORNEY FOR PLAINTIFF
21 LYNN BATTS LANE 10
SAN ANTONIO, TX 78218



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Alexandra Johnson*, Deputy

| PEDRO SALINAS VS CAG TRANSPORT CORP ET AL | **Officer's Return** | Case Number: 2020-CI-24442 Court: 37th Judicial District Court |
|---|---|---|

* I received this CITATION on 5/25/2021 at 2:43 o'clock P.M. and { } executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION the date of delivery endorsed on it to the defendant, _____ in person on the _____ at _____ o'clock _____M. at _____ or { } not executed because _____.

Fees _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

RETURN TO COURT (DK802)

## RETURN OF SERVICE

**State of Texas**                    **County of BEXAR**                    **37th Judicial District Court**

Case Number: 2020-CI-24442

Plaintiff:
**PEDRO SALINAS**

vs.

Defendant:
**C&G TRANSPORT CORP ET AL**

For:
MARK CLANCY
SALAW INVESTIGATIONS
241 INDIGO RUN
BULVERDE, TX 78163

Received by N. A. Flash Civil Process, Inc. on the 25th day of May, 2021 at 12:43 pm to be served on **CAG TRANSPORT CORP, 1221 MCKINNEY ST., SUITE 4300, HOUSTON, TX 77004.**

I, Michael Johnson, do hereby affirm that on the **27th day of May, 2021 at 2:30 pm, I:**

Executed delivery to an **AUTHORIZED** entity by delivering a true copy of the **CITATION ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR TEMPORARY INJUNCTION** with the date and hour of service endorsed thereon by me, to: **SEAN JUAREZ** as **AUTHORIZED AGENT** at the address of: **1221 MCKINNEY ST., SUITE 4300, HOUSTON, TX 77004**, who stated they are authorized to accept service for **CAG TRANSPORT CORP**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
5/27/2021  1:10 pm  10343 SAM HOUSTON PARK, SUITE 210, HOUSTON, TX 77064. THIS UNIT IS VACANT

## RETURN OF SERVICE For 2020-CI-24442

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this
affidavit, and they are true and correct." This return is verified and is signed under Penalty of Perjury.

**Michael Johnson**
SCH 700, Expires 7-31-2022

**N. A. Flash Civil Process, Inc.**
**2915 Eagle Nest Lane**
**Humble, TX 77396**
**(281) 831-6551**

Our Job Serial Number: NAF-2021000308

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*June 24, 2021*

**MARY ANGIE GARCIA,**
**BEXAR COUNTY, TEXAS**

By:

VIRGINIA RAMIREZ, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE)*

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PEDRO SALINAS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CAG TRANSPORT CORP AND** | § | |
| **EDDY MAIDIQUE.** | § | |
| | § | |
| **Defendants.** | § | |

## <u>LIST OF ATTORNEYS</u>

WYATT LAW FIRM, LTD
Paula A. Wyatt
Gavin McInnis
Louis Durbin
*Via* Email: e-serve@wyattlawfirm.com
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218
Tel: 210 340 5550
Fax: 210 340 5581
Plaintiff's Attorneys

LANZA LAW FIRM, P.C.
Nick Lanza
Robin B. Brzozowski
Via Email: robin@lanzalawfirm.com
300 E. Sonterra, Suite 1140
San Antonio, Texas 78258
Telephone:     (210) 564-9100
Facsimile:     (210) 899-3590
Defendants Attorneys

EXHIBIT 3

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Pedro Salinas

**(b)** County of Residence of First Listed Plaintiff **Bexar**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
WYATT LAW FIRM, LTD, Paula A. Wyatt, Gavin McInnis
Louis Durbin, 21 Lynn Batts Lanes, Suite 10, San
Antonio, Texas 78218, 210 340 5550

## DEFENDANTS

CAG TRANSPORT CORP AND
EDDY MAIDIQUE

County of Residence of First Listed Defendant **Florida**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
LANZA LAW FIRM, Nicholas J. Lanza, Robin B. Brzozowski,
300 E. Sonterra, Blvd Suite 1140, San Antonio, TX 78258
(210) 564-9100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent ☐ 835 Patent - Abbreviated | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | Liability | | New Drug Application ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | Act ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Property Damage ☐ 385 Property Damage | Relations ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | or Defendant) ☐ 871 IRS—Third Party | Act ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | Employment ☐ 446 Amer. w/Disabilities - | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | Agency Decision ☐ 950 Constitutionality of |
| | Other ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
car accident personal injury matter

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 6-25-21

SIGNATURE OF ATTORNEY OF RECORD
*Robin B. Brzozowski*

**FOR OFFICE USE ONLY**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### San Antonio             DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

## STATE COURT INFORMATION:

1.    Please identify the court from which the case is being removed; the case number; and the complete style of the case.

Cause No. 2020CI24442; Pedro Salinas v. CAG Transport Corp. and Eddy Maidique; in the 37th Judicial District Court of Bexar County, Texas

2.    Was jury demand made in State Court?        ☒ Yes        ☐ No

If yes, by which party and on what date?

CAG TRANSPORT CORP                06/18/2021
Party Name                       Date

## STATE COURT INFORMATION:

1.    List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Pedro Salinas, Plaintiff, WYATT LAW FIRM, LTD, Paula A. Wyatt, Gavin McInnis, Louis Durbin, 21 Lynn Batts Lanes, Suite 10, San Antonio, Texas 78218, Tel: 210 340 5550, Fax: 210 340 5581

CAG Transport Corp and Eddy Maidique, Defendant, LANZA LAW FIRM, P.C., Nicholas J. Lanza, Robin Brzozowski, 300 E. Sonterra, Suite 1140, San Antonio, TX 78232, Tel 210-564-9100, Fax 210-899-3590

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None.

3.    List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

None.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.    List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

None

**VERIFICATION**:

*Robin B. Bzymowski*

Attorney for Removing Parties

06/25/2021

Date

CAG Transport Corp. and Eddy Maidique

Party/Parties

(NOTE:  Additional comment space is available on page 3)

Reset all fields      Print Form